IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Birtuengida Abebe, | ) | |
| | ) | Civ. Action No. 3:14-cv-4415 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| Rafael Perez, Consul, U.S. Embassy Ethiopia; Kimberly Kelly, Director U.S. National Visa Center; John F. Kerry, U.S. Secretary of State, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Birtuengida Abebe ("Plaintiff") commenced this action by filing a Complaint for Writ of Mandamus to compel the appropriate United States government officials to approve Plaintiff's wife's immigrant visa. ECF No. 1. In his Complaint, Plaintiff asserts the following four causes of action against the U.S Embassy Ethiopia, the U.S. National Visa Center, and the U.S. Secretary of State ("Defendants"):

1) A violation of a constitutionally protected property interest in the issuance of an immigrant visa following the approval of a visa I-130 petition;

2) A violation of the visa adjudication procedures as set forth in the Code of Federal Regulations and relevant case law;

3) A violation of federal regulatory policy as it relates to affording Plaintiff's wife the benefit of Permanent Resident status; and

4) A violation of a constitutionally protected right to fellowship and consortium as Defendants acted arbitrarily and capriciously in refusing to issue an immigrant visa.

1

ECF No. 1. On April 16, 2015, Defendants moved to dismiss all of Plaintiff's claims. ECF No. 9. Plaintiff filed a response in opposition on May 7, 2015. ECF No. 12. Defendants filed a reply on May 18, 2015. ECF No. 13.

## FACTS

Plaintiff is a U.S. citizen who filed a Form I-130 visa petition ("visa petition") on August 6, 2013 on behalf of his wife Selamawit Zewdu. ECF No. 9 at 4. Plaintiff added his minor stepson to the petition on September 17, 2013. *Id.* Both Zewdu and her son are Ethiopian nationals. ECF No. 1 at 5. The visa petition, also called a Petition for Alien Relative, is a method by which a U.S. citizen can facilitate the process of obtaining a U.S. visa for a spouse or child. ECF No. 9 at 2. Plaintiff filed the visa petition with the United States Citizenship and Immigration Services ("USCIS"). *Id.* USCIS approved the visa petition on February 12, 2014. ECF No. 1 at 5. On August 19, 2014, the U.S. Consulate in Ethiopia invited Plaintiff's wife to interview and apply for her visa. *Id.* at 4. After the interview, the consular officer refused Zewdu's visa application and requested that she return with additional evidence to support her claimed spousal relationship with Plaintiff. *Id.* at 4-5. On August 27, 2014, Plaintiff's wife returned to the Consulate for her second interview and was refused for the second and final time. *Id.* On the same day, the Consulate issued a letter stating that Plaintiff's wife was ineligible to receive a visa "due to failure to establish convincing evidence of a legitimate relationship with the petitioner." ECF No. 1-1 at 2. The letter also explained that the Consulate would return the I-130 visa petition to USCIS with a recommendation that the petition be revoked. *Id.* The visa petition was returned to USCIS on January 29, 2015. ECF No. 9-1 at 2. On April 9, 2015, USCIS issued a Notice of Intent to Revoke the visa petition citing a failure to establish a "bona fide marriage." ECF No. 9-2 at 2.

**DISCUSSION**

Defendants argue, first, that the court has no jurisdiction over this case because the issue became moot when the State Department refused Plaintiff's visa application; and second, even if the court has jurisdiction, the doctrine of consular nonreviewability bars plaintiff's claims. ECF No. 9. The court need not reach the issue of mootness as the doctrine of consular nonreviewability provides grounds for dismissal. The doctrine of consular nonreviewability provides that consular decisions regarding immigrant visa applications are not subject to judicial review. *Romero v. Consulate of U.S., Barranquilla, Colombia*, 860 F. Supp. 319, 322 (E.D. Va. 1994). The Fourth Circuit has not explicitly discussed consular nonreviewability, but it has at least recognized the doctrine. *See Adeyemo v. Kerry*, 546 F. App'x 187 (4th Cir. 2013) (affirming the district court's dismissal of a civil complaint for lack of subject matter jurisdiction under the doctrine of consular nonreviewability). The Supreme Court has also recognized, but not fully discussed, the doctrine. *See Kerry v. Din*, 135 S. Ct. 2128 (2015). Thus, it would appear that the court is without authority to review Defendants' decision to deny a visa to Plaintiff's wife.

However, there is a generally recognized exception to the doctrine of consular nonreviewability. The exception allows a court to review a consular officer's decision when, as in this case, there has been an alleged violation of a constitutional right. *See Kleindienst v. Mandel*, 408 U.S. 753 (1972). As noted above, Plaintiff contends he was deprived of protected liberty and property interests. "The Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake." *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). However, under the recent Supreme Court decision in *Kerry v. Din*, 135 S. Ct. 2128 (2015), the court

need not determine whether Plaintiff has a constitutionally protected interest. In *Din*, the plaintiff petitioned to have her husband classified as an immediate relative and thus afforded priority immigration status. The petition was granted and the plaintiff's husband immediately filed a visa application. The consular officer reviewed this visa application but ultimately denied it, citing a statute that excluded aliens engaged in "[t]errorist activities." Seeking a more detailed explanation, the plaintiff filed suit alleging that the government's denial of her husband's visa application violated her constitutional rights. The Court declined to address the issue of whether a citizen has a constitutionally protected liberty interest in the visa application of his or her alien spouse.[1] Instead, adopting the holding and reasoning of *Kleindienst v. Mandel*, 408 U.S. 753, 769 2585 (1972), the Court looked to whether the visa had been denied "on the basis of a facially legitimate and bona fide reason." *Din*, 135 S. Ct. at 2140. Where such a reason is given, the Court held, procedural due process has been satisfied and there is no need to "look behind the exercise of that discretion." *Id.*

Applying the *Din* and *Mandel* framework to this case, the court finds that procedural due process was satisfied. In the initial letter to Plaintiff's wife dated August 27, 2014, the Ethiopian consular officer cited "failure to establish convincing evidence of a legitimate relationship " as the reason for the visa denial. Plaintiff charges that this rationale is insufficient as there was no citation to the "the provision of law or implementing regulation on which the refusal is based," as required by the Code of Federal Regulations. *See* 22 C.F.R. § 42.81. The court rejects this charge on two grounds. First, the Department of Homeland Security ("DHS") sent a follow up letter to Plaintiff,

---

[1] Writing for the plurality, Justice Scalia *does* reach the issue of whether there is a constitutionally protected liberty interest and concludes that no such interest exists. 135 S. Ct. at 2133. However, this court applies the narrowest holding in *Din* as articulated by the concurring opinion.

the Notice of Intent to Revoke, on April 9, 2015. ECF No. 9-2. In this letter, DHS references the very statute under which Plaintiff sought to classify his wife as an immediate relative. *Id.* The statute states that there will be "an investigation into the facts of each case" to determine if "the facts stated in the petition are true . . . ." *See* 8 U.S.C. § 1154(b). This statute further notifies visa applicants that they are subject to the discretion of the Attorney General. *Id.* ("[T]he Attorney General shall [approve the petition] if he determines that the facts stated in the petition are true and that the alien in behalf of whom the petition is made is an immediate relative . . . ."). Second, in the same letter, DHS, provides a detailed explanation for why the consular officer deemed the marriage to be illegitimate. ECF No. 9-2. DHS explains that over the course of two interviews, Plaintiff failed to produce convincing evidence of a spousal relationship in the following ways: (1) inability to describe a courtship or relationship with Plaintiff beyond the fifteen days immediately prior to the marriage; (2) failure to provide photographs with Plaintiff beyond those taken on the day of the wedding; (3) failure to demonstrate knowledge of Plaintiff and his life in the United States, including basic details about his employment; and (4) failure to provide convincing evidence of post-marital contact, instead offering phone records and money transfers lacking in detail and specificity. *Id.* In addition to offering this explanation, DHS also details the process through which Plaintiff can submit additional evidence to overcome the findings of the consular officer. *Id.* Plaintiff chose not to avail himself of this process. Given the explanation offered by DHS, the court finds that the visa denial was based on a facially legitimate and bona fide reason. Thus, the court finds that due process has been satisfied and will look no further into the exercise of Defendants' discretion.

As for Plaintiff's remaining claims, which do not explicitly invoke constitutional violations, the court is barred from hearing them under the doctrine of consular nonreviewability. To the extent

that Plaintiff attempts to conflate these remaining claims with his constitutional claims, the court has already determined that there has been no constitutional violation.

## CONCLUSION

In accordance with the foregoing, Defendants' motion to dismiss (ECF No. 9) is **granted** and Plaintiff's claims are **dismissed with prejudice**.

**IT IS SO ORDERED.**

 s/ Margaret B. Seymour
Margaret B. Seymour
Senior United States District Judge

Columbia, SC
February 5, 2016